# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                              Case No. 08-CR-192

**KIRBY BENNETT,**

        **Defendant.**

## RECOMMENDATIONS REGARDING THE DEFENDANT'S MOTIONS TO SUPPRESS

On July 22, 2008, the grand jury in the Eastern District of Wisconsin returned a single count indictment alleging that Kirby Bennett ("Bennett") possessed a firearm after having been previously convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On August 28, 2008, Bennett filed a motion for disclosure of evidence pursuant to Rule 404(b), (Docket No. 10), a motion to suppress statements, (Docket No. 11), and a motion to suppress evidence based upon a defective search warrant, (Docket No. 12). On September 3, 2008, the court denied as moot Bennett's motion for Rule 404(b) evidence, denied Bennett's requests for an evidentiary hearing, and stated that it would recommend that Bennett's motion to suppress statements be denied. (Docket No. 14.) However, the court permitted the parties to fully brief the issue of whether evidence should be suppressed because the search warrant was not supported by probable cause.

On September 8, 2008, the government responded, (Docket No. 15), and on September 12, 2008 the defendant replied, (Docket No. 16). Although the parties have spent significant portions of their respective briefs addressing the issue of whether a <u>Franks</u> hearing is necessary, after

considering the defendant's supplemental argument, the court finds that the defendant has failed to make a substantial showing that the affiant knew or should have known that the information contained in the affidavit was false. Therefore, the court finds that the defendant's motion to suppress on the basis that the affidavit contained false or misleading information, should be denied.

The pleadings on the defendant's motion to suppress on the basis that the search warrant was not supported by probable cause are closed and the matter is ready for resolution. A final pretrial conference is scheduled for October 21, 2008 and a jury trial is scheduled to commence on October 27, 2008 before the Honorable J.P. Stadtmueller.

Bennett raises numerous alleged deficiencies in the affidavit submitted in support of the search warrant: (1) the affiant inappropriately relied upon hearsay; (2) the reliability of the confidential informant was not sufficiently established; (3) the officers failed to sufficiently corroborate the information from the confidential informant; (4) the information contained in the affidavit was stale; (5) the only fact relating to controlled substances was a reference to blunt remnant found in a garbage search; (6) the officers did not conduct an appropriate follow-up investigation; and (7) the listing of items the police were authorized to seize was overbroad and unsupported by the evidence set forth in the affidavit.

**Probable Cause**

"When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." United States v. Peck, 317 F.3d 754, 755-756 (7th Cir. 2003) (citing United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)). Probable cause is a fluid concept, United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990), determined by the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238 (1983). An affidavit has made a proper showing of probable cause when it sets forth facts "sufficient to induce a reasonably prudent person to believe that a search . . . will uncover evidence of a crime."

McNeese, 901 F.2d at 592; Gates, 462 U.S. at 238 (probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place); United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir.1995). "Probable cause requires only a probability or a substantial chance of criminal activity, not an actual showing of such activity." Gates, 462 U.S. at 244 n.13.

The probable cause determination of the judicial officer who issued a warrant shall be afforded great deference. Gates, 462 U.S. at 236. This court does not conduct a de novo review of the state court commissioner's probable cause determination. See id. Rather, this court shall upset a probable cause determination only if there was not a "substantial basis" for the issuing court to believe that a search would uncover evidence of wrongdoing. Id. There is a substantial basis for the issuing of a warrant when the affidavit, "read as a whole in a realistic and common sense manner . . . allege[s] specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005) (quoting United States v. Spry, 190 F.3d 829, 835 (7th Cir. 1999)).

The facts presented in the affidavit in an effort to establish probable cause are as follows: A police officer conducted a garbage search of garbage found outside of 2003 Carmel Avenue and found in a garbage bag trace amounts of marijuana as well as mail for Bennett and Sheventra Jackson ("Jackson") listing their address as 2003 Carmel Avenue. The affiant verified that the utilities at 2003 Carmel Avenue were in the name of Sheventra Jackson. Further, a confidential informant ("CI") told the police that Bennett told the CI he always carries a firearm to protect himself from being robbed by other drug dealers. This CI was deemed reliable since the CI had previously given information that led to six felony and two misdemeanor arrests. Finally, Bennett has a criminal record that includes firearm offenses and possession of marijuana.

3

Based upon the court's review of the affidavit submitted in support of the search warrant, (Docket No. 12-3 at 3-5), the court finds significant deficiencies. For example, the affidavit does not state when the garbage search was performed. The affiant was informed of the search on May 7th, 2008, six days before the warrant was issued, but based upon the facts contained in the affidavit, the actual search could have been any time before that.

It is also unclear whether Bennett or Jackson currently resided at 2003 Carmel Avenue. Although mail for both was found in the garbage bag containing the marijuana, as the affiant noted, it is common for persons to throw out mail for former tenants. Further, although the affiant states that utility records are updated on a daily basis, the records state only that Jackson was listed as being the customer as of March 2008, roughly two months prior. Thus, based upon the facts contained in the affidavit, it is possible that Jackson and Bennett were merely former tenants and had no current association with the target residence.

As for the CI, the affiant does establish the past reliability and veracity of the information he or she provided. The affiant states:

> That your affiant believes the information supplied by the CI, as the CI has supplied information about on-going criminal activity to the Racine Police Department, Special Investigations Unit that has resulted in at least 6 felony and 2 misdemeanor arrests in the last year, further that these arrests were made as a direct result of a search warrant execution based on this information or as an immediate police response to specific current criminal activity.

(Docket No. 12-3 at 3, ¶9.)

The CI is the source of the only allegation that Bennett carries a firearm and, more importantly, the CI is the only source of the only allegation that drug dealing is involved. On the other hand, the CI's information is conclusory in nature, and a remnant of a blunt containing a trace amount of marijuana is not indicative of drug dealing. Additionally, Bennett has never been convicted of drug dealing. The search warrant authorizes the seizure of a wide variety of materials that could be seized, based upon the allegations in the affidavit, only if there was probable cause to

4

believe that drug dealing was occurring in the target residence (for example, "electronics equipment that is verified stolen and/or having altered or missing identification numbers."). However, there is no allegation that drug dealing is taking place at the residence, not even from the CI.

Essentially, the facts in the affidavit can be summarized as follows: a CI, who had provided valuable information in the past, tells a police officer that Bennett told him within the last two weeks that he carries a gun to protect himself from other drug dealers. Bennett has previously been convicted of crimes involving firearms and possession of marijuana, and resided at (and maybe still does live at) 2003 Carmel Avenue, outside of which a trace amount of marijuana was found in the trash at least six days earlier.

Although there are substantial deficiencies, whether or not there was probable cause to search 2003 Carmel Avenue does not hinge upon whether Bennett or Jackson lived there, whether Bennett was a drug dealer, or whether Bennett carried a gun. This is because the warrant authorized a search related to the crime of possession of marijuana. Thus, the question before the court is whether, despite these deficiencies, the affidavit nonetheless established that there was probable cause to believe that evidence relating to the crime of possession of marijuana was likely to be found inside 2003 Carmel Avenue.

Regardless of whether the mail in the trash was addressed to the former tenants or current tenants, the presence of the mail in the trash with the marijuana along with the fact that the trash was located outside the residence, indicates that the marijuana came from 2003 Carmel Avenue. Thus, the argument could be made that based upon these facts alone, probable cause existed to support a search warrant for 2003 Carmel Avenue. However, because the police waited at least six days to obtain a search warrant, the court finds that the probative value of finding a trace amount of marijuana in the trash had so significantly diminished that probable cause did not exist to support a warrant to search the target residence.

5

> [T]he age of inculpatory information is only one factor that magistrates should consider in determining whether probable cause exists, and "if other factors indicate that the information is reliable . . . the magistrate should not hesitate to issue the warrant." United States v. Pless, 982 F.2d 1118, 1125-26 (7th Cir. 1992) (quoting United States v. Batchelder, 824 F.2d 563, 564 (7th Cir. 1987)). "Passage of time is less critical when the affidavit refers to facts that indicate ongoing continuous criminal activity." Pless, 982 F.2d at 1126 (citing United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991)).

United States v. Spry, 190 F.3d 829, 836 (7th Cir. Wis. 1999). Information of criminal activity does not have any specific expiration date; rather, whether or not the information is stale shall depend upon the nature of the evidence sought. See, e.g., United States v. Harju, 466 F.3d 602, 608 (7th Cir. 2006) (noting that "only three weeks had elapsed since the gun had been seen in Mr. Harju's possession on his property, and, unlike small amounts of drugs or cash, the gun was not likely to have been sold (or consumed) during that period of time"); United States v. Newsom, 402 F.3d 780, 783 (7th Cir. 2005) ("Information a year old is not necessarily stale as a matter of law, especially where child pornography is concerned."); United States v. Mayes, 2007 U.S. Dist. LEXIS 10397, 14-15 (E.D. Wis. 2007) (holding that 20-day-old information regarding possession of a firearm was not stale; United States v. Harris, 2007 U.S. Dist. LEXIS 54319, 23 (N.D. Ind. 2007) ("Unlike drugs, for example, business records are not the kind of evidence that would likely vanish quickly."); see also United States v. Matthews, 2005 U.S. Dist. LEXIS 28604, 14-15 (N.D. Ind. 2005) ("The evidence discovered in the trash pull (cocaine in a plastic bag indicative of packaging) may signal a drug trafficking operation, and therefore is not too stale after an eight-day time lag for the issuance of the search warrant.").

Even if the police acted immediately, thus avoiding the problem of staleness, finding a trace amount of marijuana in the trash, without more, is unlikely to be sufficient to establish probable cause to search a residence. First, by virtue of the marijuana being found in the trash, this necessarily indicates that some effort has been made to dispose of the marijuana. A judicial officer must find a reason to conclude that a residence that once had marijuana in it is likely to still have

6

marijuana in it. Without more, this is a difficult conclusion to establish. Notably, there was no evidence recovered in the search of the garbage to indicate an ongoing drug trafficking operation. See Matthews, 2005 U.S. Dist. LEXIS 28604, 14-15.

Second, it is unclear when the marijuana was placed in the trash. It could have been there for perhaps a week or more. Again, the longer the time lapse, particularly when dealing with a small amount of consumable contraband, the less likely it is for there to be reason to conclude that marijuana or other related evidence is likely to be found in a residence.

Third, there is no indication that other evidence of the crime of possession of marijuana, such as paraphernalia or packaging material, would be likely found in the target residence. When trace amounts of marijuana are found for example in a baggie, it may be possible to infer that some paraphernalia, such as a pipe, may be found inside the target residence. However, the present trace amount of marijuana was found in a blunt, and thus it is possible that the remnant found in the trash was all the evidence of the crime that remained. Marijuana may be purchased and consumed entirely in the form of a blunt without there being any other direct evidence of the crime to be left in the residence.

Therefore, for all the reasons set forth above, the court finds that the warrant was not supported by probable cause. However, even though the court finds that the warrant was not supported by probable cause, the evidence seized need not be suppressed if the police officers who obtained and executed the warrant could have reasonably believed that they had obtained a valid warrant. See United States v. Leon, 468 U.S. 897 (1984).

**Leon Good Faith Exception**

If a police officer could have reasonably relied upon the search warrant, then evidence seized pursuant to the warrant shall not be suppressed simply because the search warrant was later determined to be defective. Id. at 922. "If a defendant is successful in establishing the invalidity of

7

the search warrant, the burden then shifts to the Government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant." United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002). A police officer's decision to seek a warrant is prima facie evidence of good faith. United States v. Harju, 466 F.3d 602, 607 (7th Cir. 2006); United States v. Merritt, 361 F.3d 1005, 1013 (7th Cir. 2004); Koerth, 312 F.3d at 868. Thus, the burden falls upon the defendant to rebut this prima facie case. Harju, 466 F.3d at 607.

Because the test is an objective one, it is not necessary that this court conduct an evidentiary hearing to determine whether the particular officers involved in the execution in the warrant at issue in this case did, in fact, rely upon it. The question is whether a reasonable and well-trained police officer would have believed that this warrant was valid. See Leon, 468 U.S. at 922 n.3; see also, United States v. Dickerson, 975 F.2d 1245, 1250 (7th Cir. 1992).

Police officers are not expected to be trained as lawyers and are not required review search warrants with the scrutiny demanded from a judicial officer. "Judicial officers have the responsibility to determine whether there is probable cause to issue a warrant; police officers should not be expected to question that determination." Harju, 466 F.3d at 606; see also, Illinois v. Krull, 480 U.S. 340, 349 (1987) ("It is the judicial officer's responsibility to determine whether probable cause exists to issue a warrant, and, in the ordinary case, police officers cannot be expected to question that determination."); Massachusetts v. Sheppard, 468 U.S. 981, 989-90 (1984) ("[W]e refuse to rule that an officer is required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested."). However, "[p]olice officers in effecting searches are charged with a knowledge of well-established legal principles as well as an ability to apply the facts of a particular situation to these principles," United States v. Koerth, 312 F.3d 862, 869 (7th Cir. 2002) (quoting United States v. Brown, 832

8

F.2d 991, 995 (7th Cir. 1989)), and therefore cannot blindly rely upon a search warrant simply because it bears the signature of a judge.

The present warrant bears the indicia of probable cause. Although a more searching and detailed reading of the affidavit, the sort of analysis demanded of a judicial officer, reveals substantial deficiencies, a reasonable police officer reviewing the affidavit may conclude that there is probable cause to support the warrant. The affidavit makes efforts to demonstrate that the defendant is an armed drug dealer with prior drug and firearm-related convictions who is connected to a residence where marijuana was found in the trash. On an initial reading, this looks like it might add up to probable cause. It is only upon a more careful reading that the deficiencies in these allegations and conclusions are revealed.

Although these defects originated with the affiant, the court assumes that many, if not all, could have been corrected by the vigilance of the reviewing judicial officer. Thus, this court does not believe that suppression in this instance would serve the rationale of the exclusionary rule. Suppression of evidence should be a last resort rather than a first impulse. Hudson v. Michigan, 126 S. Ct. 2159, 2163 (2006). The exclusionary rule developed largely as a means of restraining police misconduct. See, e.g., Mapp v. Ohio, 367 U.S. 643, 656 (1961) (quoting Elkins v. United States, 364 U.S. 206, 217 (1960)). But in the present case, it is not the conduct of the police that must be modified. The error this court believes occurred was the failure of the court commissioner who signed the warrant to request additional information and clarification from the police officers. In this case, these infirmities should not be placed at the police officer's doorstep. The police acted as the Constitution prefers; they sought a warrant from a neutral and detached judicial officer and, despite the deficiencies in the application, the judicial officer issued the warrant. Thus, it is the recommendation of this court that the police were entitled to rely on the warrant and therefore, the defendant's motion to suppress should be denied.

9

**IT IS THEREFORE RECOMMENDED** that, for the reasons set forth in this court's order denying the defendant's request for an evidentiary hearing, (Docket No. 14), the defendant's motion to suppress statements, (Docket No. 11), be **denied**.

**IT IS FURTHER RECOMMENDED** that the defendant's motion to suppress evidence based upon a defective search warrant, (Docket No. 12), be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of September 2008.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge